# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LARRY ROJAS,**

      **Plaintiff,**

**v.**                                               **Case No:   6:14-cv-1374-Orl-22GJK**

**LAW OFFICES OF DANIEL C.
CONSUEGRA, P.L. and DYCK-
O'NEAL, INC.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF ACTUAL DAMAGES (Doc. No. 70)**
>
> **FILED:**      September 3, 2015
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.    BACKGROUND.

On August 24, 2014, Larry Rojas (the "Plaintiff") filed a complaint against the Law Offices of Daniel C. Consuegra, P.L. ("Consuegra"), and Dyck-O-Neal, Inc. ("Dyck-O-Neal") (collectively, the "Defendants"), under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA"), seeking actual damages, statutory damages, attorney's fees and costs. Doc. No. 1 at ¶ 1. On January 6, 2015, the Court entered its case management and scheduling order, providing a discovery deadline of August 28, 2015. Doc. No. 29 at 1. On May 19, 2015,

Plaintiff filed an amended complaint, continuing to seek actual damages, statutory damages, attorneys' fees and costs against the Defendants under the FDCPA.  Doc. No. 38.

On August 14, 2015, after the Court entered an order dismissing Counts IV and VI of the amended complaint against Dyck-O-Neal (Doc. No. 50), Plaintiff filed a Second Amended Complaint (the "Complaint").  Doc. No. 54.  In the Complaint, Plaintiff alleges that the Defendants violated 15 U.S.C. § 1692i by filing a deficiency judgment action against Plaintiff in an improper venue.  Doc. No. 54 at 4-10.  Plaintiff seeks actual damages, statutory damages not to exceed $1,000.00, and reasonable attorneys' fees and costs under 15 U.S.C. § 1692k.  Doc. No. 54 at 7, 9.

On August 19, 2015, Consuegra filed a Notice of Settlement, stating that Plaintiff had reached a settlement with Consuegra and executed a release of all claims against Consuegra, including attorneys' fees and costs.  Doc. No. 55.  On September 4, 2015, Plaintiff and Consuegra filed a joint Stipulation of Dismissal With Prejudice, pursuant to Rule 41(a)(1)(ii), Federal Rules of Civil Procedure.  Doc. No. 71.  Thus, all claims against Consuegra are dismissed with prejudice.

On August 25, 2015, pursuant to Rule 26(a)(1), Federal Rules of Civil Procedure, Plaintiff served his initial disclosures, which were approximately eight months past due and were served three (3) days prior to the close of general discovery.  Doc. No. 69-1 at 1-4.  In Plaintiff's computation of damages, Plaintiff requests $1,000.00 in statutory damages and "actual damages," but Plaintiff provides no computation or even a total amount of actual damages claimed.  Doc. No. 69-1 at 3.  In an August 25, 2015, email from Plaintiff's counsel to Dyck-O-Neal's counsel, Plaintiff's counsel states: "We are seeking only $1,000.00 in statutory damages. . . . We are only seeking $1,000 plus net fees after receiving cred for payments made by [Consuegra]."  Doc. No.

69-2. Thus, at the time discovery closed on August 28, 2015, Plaintiff had provided no computation for any actual damages and had informed Dyck-O-Neal's counsel that Plaintiff was only seeking $1,000.00 in statutory damages plus net attorneys' fees. Doc. Nos. 69-1 at 3; 69-2 at 1.

On August 31, 2015, Plaintiff filed an Unopposed Motion to Allow Appearance by Telephone at Mediation (the "Plaintiff's Motion"). Doc. No. 66. Therein, Plaintiff acknowledged that the only remaining party is Dyck-O-Neal and Plaintiff states that "[t]he maximum that Plaintiff can recover in this case, at mediation or otherwise in this case, is $1,000.00." Doc. No. 66 at 2 ¶ 8. Thus, the Plaintiff's Motion, which is subject to Rule 11, Federal Rules of Civil Procedure, clearly states that the "maximum that Plaintiff can recover in this case . . . is $1,000.00." *Id.*

On September 2, 2015, Dyck-O-Neal filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Defendant's Motion to Dismiss"), arguing that Plaintiff's sole claim for statutory damages has been satisfied through the settlement with Consuegra and, therefore, the Plaintiff's remaining claims against Dyck-O-Neal should be dismissed as moot. Doc. No. 69. On September 3, 2015, Plaintiff's counsel sent counsel for Dyck-O-Neal an email, which states:

> The [Defendant's Motion to Dismiss] that you filed yesterday caused me to do some research. I found that in March of 2014, my client paid me $1,500 in attorney's fees to represent him in the claim filed by [Dyck-O-Neal]. I believe that he is entitled to be reimbursed the that [sic] payment. . . . So, to summarize, in addition to statutory damages, we are seeking actual damages of $1,500.

Doc. No. 70-3 at 1. Thus, only after receiving Defendant's Motion to Dismiss did Plaintiff and Plaintiff's counsel conclude that Plaintiff had actual damages of $1,500.00, representing attorneys'

fees that were paid in 2014 to Plaintiff's counsel in the underlying state-court action. Doc. No. 70-3 at 1.

On that same day, Plaintiff served supplemental Rule 26 Disclosures claiming $1,500.00 in actual damages. Doc. No. 70-4 at 1-4. Thus, on September 3, 2015, only after Plaintiff's counsel made statements directly to the contrary, after discovery closed, and after Dyck-O-Neal moved to dismiss the case as moot, did Plaintiff notify Dyck-O-Neal for the first time that Plaintiff was claiming actual damages in the amount of $1,500.00. Doc. No. 70-3 at 1.

On September 3, 2015, Dyck-O-Neal filed a Motion to Exclude Evidence of Actual Damage (the "Motion"), arguing that the Court should exercise its discretion and preclude Plaintiff from offering evidence of or requesting recovery of actual damages at trial. Doc. No. 70 at 1-11. Dyck-O-Neal argues that Plaintiff and his counsel were aware of Plaintiff's actual damages in March of 2014, but at no time before the close of discovery did they comply with the disclosure requirements of Rule 26. Doc. No. 70 at 6-10. Dyck-O-Neal contends that Plaintiff's failure to make disclosure is neither substantially justified nor harmless, and therefore exclusion of evidence of Plaintiff's actual damages is warranted in this case. *Id*.

On September 9, 2015, Plaintiff filed a response (the "Response") to the Motion. Doc. No. 74. In the Response, Plaintiff concedes that his initial and supplemental disclosures were not timely, but argues that exclusion of evidence of Plaintiff's actual damages is not appropriate because Dyck-O-Neal had not been prejudiced. Doc. No. 74 at 2-3.[1] Plaintiff argues:

> Defendant first raised the issue of Initial Disclosure on August 24 and Plaintiff's Initial Disclosures were provided on August 26. After realizing that he forgot to include the amount of actual damages of $1,500, Plaintiff served Supplemental Initial Disclosure a week later on September 3, 2015. Plaintiff submits that the supplemental disclosure on September 3, 2015 was proper and the

---

[1] While Plaintiff does concede that his initial and supplemental initial disclosures were not timely, Plaintiff insists that the "Plaintiff did not fail to comply with the discovery rules." Doc. No. 74 at 3.

>   evidence of $1,500 in actual damages should not be excluded. First, Defendant never relied to its detriment on the August 26 Disclosures so an amendment to the initial disclosures would not prejudice Defendant. Second, what if the payment of $1,500 was disclosed on August 26? What could the Defendant do with the receipt of that information at that time with the discovery cut-off date of August 28? Under the circumstances of this case, the late disclosure should be viewed as harmless.

Doc. No. 74 at 2. Thus, Plaintiff maintains that he made a "good faith effort to comply" with the disclosure requirements, Dyck-O-Neal has suffered no prejudice, and, therefore, the Court should deny the Motion. Doc. No. 74 at 3.[2]

## II. LAW.

Rule 26(a)(1)(A)(iii), Federal Rules of Civil Procedure, requires parties to disclose, within fourteen (14) days of their Rule 26(f) conference and without awaiting a discovery request from the opposing party, "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based. . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). Pursuant to Rule 26(e), parties that make disclosures under Rule 26(a) must supplement or correct their disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c), Federal Rules of Civil Procedure, provides the sanction for failing to make required disclosures or to supplement those disclosures under Rules 26(a) and (e). Rule 37(c) provides:

---

[2] In a footnote, Plaintiff also argues that the Motion should be denied for failing to comply with Local Rule 3.01(g). Doc. No. 74 at 1 n.1. The undersigned has considered Plaintiff's argument and the parties' submissions on the issue (*see* Doc. Nos. 76-77). Although the parties did not engage in a telephonic conference prior to the Motion being filed, as is contemplated by Local Rule 3.01(g), the undersigned finds that the matter has been fully briefed, the parties did engage in a substantive email exchange prior to the Motion being filed (Doc. No. 77-1 at 1-2), and the interests of justice would not be served by directing the parties to confer and then re-brief the issues. Accordingly, pursuant to Local Rule 1.01(c), the undersigned suspends enforcement of Local Rule 3.01(g) for purposes of entering this report and recommendation.

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co*., 318 F. App'x 821, 824 (11th Cir. 2009) (unpublished).[3] "In determining whether the failure to disclose was justified or harmless, [courts] consider the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co*., 552 F.3d 1303, 1321 (11th Cir. 2008)). "Where a party fails to properly identify a category of damages or to provide the calculations underlying it, it is within the court's discretion to exclude evidence relating to those damages." *In re Mirabilis Ventures, Inc*. No. 6:09-cv-271-Orl-31DAB, 2011 WL 3236027, at *5 (M.D. Fla. July 28, 2011) (citing *Mee Industries v. Dow Chemical Co*., 608 F.3d 1202, 1221-22 (11th Cir. 2010)).

### III.   ANALYSIS.

For the reasons, set forth below, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 70) and exclude Plaintiff's evidence of actual damages.

It is undisputed that Plaintiff failed to timely provide his initial disclosures. *See* Doc. No. 74 at 2.  Plaintiff failed to make his required initial disclosures until August 25, 2015, three days before general discovery closed.  Doc. Nos. 29 at 1; 69-1 at 1-4.  In Plaintiff's initial disclosures, he provides a category of actual damages but fails to provide any computation of actual damages.  Doc. No. 69-1 at 3.  Moreover, on that same day, Plaintiff's counsel stated in an email that

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  11th Cir. R. 36-2.

Plaintiff is only seeking $1,000.00 in statutory damages plus net attorneys' fees after receiving credit from payments made by Consuegra.  Doc. No. 69-2.  Therefore, on August 28, 2015, when general discovery closed, Plaintiff had failed to disclose any claim for actual damages.  On this basis alone, the undersigned finds that Plaintiff failed to comply with Rule 26(a)'s initial disclosure requirements.

On August 31, 2015, Plaintiff and Plaintiff's counsel stated in Plaintiff's Motion that "[t]he maximum that Plaintiff can recover in this case, at mediation or otherwise . . . is $1,000.00."  Doc. No. 66 at 2 ¶ 8.  Thus, after discovery closed, Plaintiff reiterated in a motion subject to Rule 11, that the most Plaintiff could recover in this case is the $1,000.00 in statutory damages.  *Id.*  On September 2, 2015, Dyck-O-Neal, based upon Plaintiff's initial disclosures and the other representations discussed above, filed the Defendant's Motion to Dismiss.  Doc. No. 69. Thereafter, on September 3, 2015, no doubt realizing the implications of not having claimed any actual damages, Plaintiff and Plaintiff's counsel discovered $1,500.00 in actual damages and served Dyck-O-Neal with Plaintiff's supplemental disclosures.  Doc. No. 70-4.  The Plaintiff's supplemental disclosures were made after discovery closed and, therefore, they too were untimely.

In the Response, Plaintiff argues that the Motion should be denied solely because Plaintiff's failure to make timely disclosure of Plaintiff's claim for actual damages is harmless.  Doc. No. 74 at 2.  The undersigned disagrees.  By failing to disclose the Plaintiff's computation of actual damages until after discovery closed, Plaintiff has prejudiced Dyck-O-Neal's ability to obtain discovery.  Furthermore, by failing to make *any* initial disclosures until three (3) days prior to the close of general discovery, Dyck-O-Neal's ability to obtain discovery was certainly hindered, if not thwarted.

Plaintiff's explanation is poor. Plaintiff's attempt to frame the error as merely an oversight that was corrected in a matter of days misses the mark. Doc. No. 74 at 2. To be sure, Plaintiff supplemented his initial disclosures on September 3, 2015, to include $1,500.00 in actual damages. Doc. No. 70-4 at 1-4. However, Plaintiff is wrong that Dyck-O-Neal "never relied to its detriment on the [initial disclosures]." Doc. No. 74 at 2. Dyck-O-Neal had a right to rely on Plaintiff's post-disclosure email (Doc. No. 69-2) and Plaintiff's Motion (Doc. No. 66 at 2 ¶ 8), wherein Plaintiff affirmatively states that the only damages Plaintiff is seeking are statutory damages of $1,000.00. Indeed, Dyck-O-Neal directly relied on Plaintiff's prior portrayal of his damages claim as only seeking $1,000.00 in statutory damages on September 2, 2015, when Dyck-O-Neal moved to dismiss. *See* Doc. No. 69.

Based on the forgoing, the undersigned finds that pursuant to Rule 37(c), Federal Rules of Civil Procedure, Plaintiff failed to timely disclose Plaintiff's computations for actual damages under Rules 26(a) and (e), and that failure is not substantially justified or harmless. Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 70); and
2. Preclude Plaintiff from introducing any evidence of actual damages in the merits of this case.

A party failing to file written objection to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on November 16, 2015.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy